**UNITED STATES of America, Appellee,**

v.

**John M. MURPHY, Frank Thompson, Jr., Appellants.**

**Nos. 1577, 1587, Dockets 80–1299, 80–1307.**

United States Court of Appeals, Second Circuit.

Argued Aug. 22, 1980.

Decided Aug. 26, 1980.

Michael E. Tigar, Washington, D. C. (Samuel J. Buffone, John J. Privitera, Washington, D. C., on the brief), for appellant Murphy.

Daniel A. Rezneck, Washington, D. C. (Clifford D. Stromberg, Robert N. Weiner, Arnold & Porter, Washington, D. C., Stephen E. Kaufman, New York City, on the brief), for appellant Thompson.

Edward R. Korman, U. S. Atty., Brooklyn, N. Y., for appellee.

Before NEWMAN and KEARSE, Circuit Judges, and DUMBAULD,* District Judge.

PER CURIAM:

Congressmen John M. Murphy and Frank Thompson, Jr. appeal, prior to trial, from a ruling of the District Court for the Eastern District of New York (Jacob Mishler, Judge) denying their motion to dismiss an indictment charging various offenses related to solicitation and acceptance of bribes. This is another of the so-called Abscam indictments, only recently considered by this Court in *United States v. Myers*, 635 F.2d 932 (2d Cir. 1980).

The five-count indictment names as defendants the two appellants, Howard Criden, a Philadelphia attorney, and Joseph Silvestri, who is not otherwise identified in the indictment. Count One charges all four defendants with violation of 18 U.S.C. § 371 (1976) by conspiring to defraud the United States and to violate 18 U.S.C. §§ 201 and 203 concerning bribery of public officials.

---

* Hon. Edward Dumbauld, United States District Judge for the Western District of Pennsylvania, sitting by designation.

Count Two charges Murphy and Thompson, aided and abetted by Criden, with violation of 18 U.S.C. §§ 201(c) and 2 (aiding and abetting). Count Three charges Murphy and Thompson, aided and abetted by Criden, with violation of 18 U.S.C. §§ 203(a) and 2. Count Four charges Criden, aided and abetted by Murphy and Thompson with violation of 18 U.S.C. §§ 1952 (interstate travel to carry out bribery) and 2. Count Five charges Murphy, aided and abetted by Thompson and Criden, with violation of §§ 201(g) and 2. As in *Myers*, the facts alleged in support of these charges arise out of an elaborate undercover "sting" operation, in which F.B.I. agents and a private citizen, posing as representatives of wealthy Middle Eastern businessmen, offered substantial sums of cash to each of the appellants, and the appellants accepted the cash in return for promises to take official action in behalf of the fictitious businessmen with regard to immigration and other governmental matters.

The appellants contend that the indictment is based on actions protected by the Speech or Debate Clause, U.S.Const. Art. I, § 6, that the indictment will require the appellants to present information protected by the Speech or Debate Clause in their defense, that the grand jury that returned the indictment heard evidence protected by the Speech or Debate Clause, and that the District Court inadequately considered the motion to dismiss by failing to review transcripts of the grand jury proceedings.

Each of these contentions is available for pre-trial appellate review, *Helstoski v. Meanor*, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979); *United States v. Myers, supra*. On the merits, each claim is rejected, on the authority of *Myers*, which considered identical contentions arising in circumstances not different in any material respect. The essence of all the allegations against the Congressmen is the acceptance of bribes in return for corrupt promises to take official action, conduct beyond the protection of the Speech or Debate Clause. *United States v. Brewster*, 408 U.S. 501, 92 S.Ct. 2531, 33 L.Ed.2d 507 (1972). In some instances, an overt act is alleged that may turn out, upon development of the facts at trial, to involve protected legislative action. For example, overt act number 20 alleges that Murphy and Thompson met in Washington with another Congressman. That overt act, as alleged in the indictment, is not on its face protected by the Speech or Debate Clause, but if an offer of proof at trial indicates that it is protected when assessed in light of the other evidence, the appellants will be entitled to have that particular allegation stricken. See *United States v. Dowdy*, 479 F.2d 213 (4th Cir.), *cert. denied*, 414 U.S. 823, 94 S.Ct. 124, 38 L.Ed.2d 118 (1973).

Here, as in *Myers*, there is no claim that the grand jury did not hear significant and sufficient evidence unprotected by the Speech or Debate Clause, since the appellants have viewed videotapes of alleged acceptances of bribes. In such circumstances, the District Judge did not err in declining to review the grand jury minutes to determine whether the grand jury may have heard, in addition, some evidence of activity protected by the Speech or Debate Clause.

Since all of the claims raised by appellants are governed by the decision in *Myers*, the denial of the motion to dismiss the indictment is affirmed.